

25 Melville Park Road, Suite 235
Melville, New York 11747
(631) 352-0050
mbw@fwlawpllc.com
linycemploymentlaw.com

July 12, 2024

**Via ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:     <u>Persaud v. City of New York, et. al</u>.
               No. 22-cv-2919 (AS)

Dear Judge Subramanian:

       I represent the Plaintiff, Devanand Persaud. I write pursuant to Local Rule 1.4, to respectfully request that the Court issue an order allowing my withdrawal as attorney for Mr. Persaud. I am asserting a charging lien, but not a retaining lien. Mr. Persaud does not consent to my withdrawal.

       The reasons that I seek to withdraw are based on New York's Rules of Professional Conduct ("RPC") 1.16(c)(4) and (12). Additional factors include provisions of our retainer agreement violated by Mr. Persaud. In sum, the reasons for my withdrawal are that (1) Mr. Persaud has made decisions with which I fundamentally disagree, and (2) there has been a breakdown of the attorney-client relationship. Below, I elaborate on these reasons, as best as I can in a public filing.

       RPC 1.16(c)(4) allows an attorney to withdraw when a client takes an action with which the lawyer has a fundamental disagreement. Here, I cannot divulge the precise nature of the disagreement without implicating attorney-client privilege, and the confidentiality afforded to a court settlement conference. I have, however, detailed my side of the disagreement in a seven page letter sent to Mr. Persaud on Monday, July 8, 2024 (the "Letter"), which also set forth the reasons I would seek to withdraw. Mr. Persaud did not rationalize, explain, or argue his viewpoint on the disagreement. Instead, he responded by simply indicating he does not consent to my withdrawal, he believed the retainer agreement compelled my continued representation, and he noted critiques of my conduct (which underscores that our relationship is broken and irreparable). Thus, there remains a fundamental disagreement between us.

Rule 1.12(12) allows an attorney to withdraw when the attorney believes a court will determine a good cause exists for the withdrawal. Here, via the operative retainer agreement, Mr. Persaud implicitly agreed to certain terms concerning my representation. Again, it would not be appropriate to reveal those specific terms in a public filing as it would likely reveal the precise nature of the dispute. But, in the Letter, I explained to Mr. Persaud why I believed he violated those terms and that the retainer agreement specifically allows for my withdrawal under such circumstances. Mr. Persaud did not refute my points, responding instead as set forth above.

Additionally, the attorney-client relationship has broken down. Based on the differences summarized above, it seems Mr. Persaud no longer trusts and/or no longer values my advice. It is impossible to continue working together under such conditions.

Mr. Persaud agrees that our relationship has deteriorated. In arguing against my withdrawal, Mr. Persaud criticized how I recently acted towards him. Regrettably, there is some truth in his criticism. I am ashamed to admit that I became so frustrated with my interactions with Mr. Persaud that, for the first time in my career, I let emotions bubble to the surface for a client to see. But, this is not a reason to compel my continued representation. Rather, it emphasizes that withdrawal is appropriate. I am glad Mr. Persaud and I have been able to work together to survive two of the defendants' attempts to dismiss his case, but it is clear that we will be unable to work together through this next phase of the case.

To the extent the Court requires further information relating to the circumstances underlying this motion and my reasoning, I respectfully request that the Court order that a supplemental submission be filed *ex parte* under seal. Further, I would request that Your Honor refer the motion to Magistrate Judge Tarnofksy, who presided over the recently held settlement conference, and has knowledge of some of the facts and issues which would be disclosed in supplemental briefing.

Finally, per Rule 1.4, I note that trial is currently scheduled for September 23, 2024. No other proceedings remain, except the September 10th pre-trial conference. With more than two months until trial, ample time exists for Mr. Persaud to find and retain new counsel (if he so chooses), and for replacement counsel to prepare for trial. Indeed, the facts of this employment case involving one claim of First Amendment retaliation, are not complicated. I have already provided to Mr. Persaud information for three law firms that may be interested in his case. Moreover, I offered Mr. Persaud three hours of transition time to discuss the case with any new attorney who might take over and I further commit to doing anything and everything I can to ensure a seamless transition and that the case remains ready for September's trial date.

In sum, Mr. Persaud has made decisions and taken actions with which I have a fundamental disagreement. That disagreement has boiled over into a breakdown of the attorney-client relationship. Accordingly, it is appropriate both under Rule 1.4 and RPC 1.16, that I withdraw as attorney, and I respectfully request that my motion to withdraw be granted.

I thank Your Honor for your attention to this matter.

Respectfully submitted,

_____/s/_____
Matthew Weinick

cc:     Counsel of Record
        Mr. Devanand Persaud (via e-mail)