UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVANAND PERSAUD,

                    Plaintiff,

-against-

CITY OF NEW YORK et al.,

                    Defendants.

22-cv-2919 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

      As discussed at the December 13 conference, the parties shall appear for a final pretrial conference with the Court on Monday, January 6, 2025, at 10:30 AM in Courtroom 15A, 500 Pearl Street, New York, NY 10007. Trial will begin at 9:00 AM on Tuesday, January 7, 2025.

      For the reasons discussed on the record at today's conference, Persaud's motion in limine, Dkt. 110, is GRANTED in part and DENIED in part. The city is not precluded from referring to Persaud's "refusal to cooperate" with the Department of Finance's (DOF) investigation. Nor is Persaud entitled to a jury instruction that the Court has concluded that his investigation, charging, and termination were separate adverse actions. But Persaud's request for a jury instruction that the Facebook post at issue in this case was protected speech is granted.

      The city's motion in limine, Dkt. 116, is also GRANTED in part and DENIED in part. The protected status of the Facebook post is not at issue, so Point I is denied as moot. Point II, seeking preclusion of Persaud's father's testimony, is granted. The Court also grants Point III, such that Persaud is precluded from relitigating whether he "refused to cooperate" in the DOF's investigation. As for Point IV, the Court grants the city's motion with respect to Persaud's exhibits 1, 2, 4, 5, and 12, but denies the motion as to exhibits 3 and 9. The Court also grants the city's request to bifurcate the issues of back pay, front pay, and reinstatement for a bench trial (Point V). Relatedly, Persaud is precluded from offering any evidence or argument related to front pay damages at the jury trial (Point VI). He is also precluded from offering any evidence related to indemnification, but he may refer to the city attorneys as "city attorneys" (Point VII). Given his failure to disclose any damages calculations under Federal Rule of Civil Procedure 26(a), Persaud is precluded from requesting a specific dollar amount in punitive damages from the jury (Point VIII). Finally, the city's request to strike Persaud's request for punitive damages is granted as to the city but denied as to the individual defendants (Point IX).

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 110, 116, and 118.

SO ORDERED.

Dated: December 16, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge